IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:08mc145

BENNIE STEPHEN JOHNSON,     )
                            )
            Petitioner,     )
                            )
        vs.                 )         **O R D E R**
                            )
THE UNITED STATES,          )
                            )
            Defendant.      )
_____)

**THIS MATTER** is before the Court on the Petitioner's *pro se* Petition to Quash Summons [Doc. 1], filed September 12, 2008.

The petition actually seeks to quash a series of third-party summonses issued by the Internal Revenue Service (IRS). [Doc. 1-3]. Attached to the petition are copies of the summonses which show that one was issued on August 7, 2008 and the remaining seven were issued on August 8, 2008. [Doc. 1-3]. Petitioner asserts that he received all said summonses on August 22, 2008. The relevant statute, 26 U.S.C. §7609(b)(2)(A) provides that a taxpayer may begin a proceeding to quash third-party summonses within twenty days of the mailing of the notice from

the Secretary, not the date of receipt.  Berman v. United States, 264 F.3d 16, 19 (1st Cir. 2001); Clay v. United States, 199 F.3d 876, 879 (6th Cir. 1999); Jones v. C.I.R., 2007 WL 4302593 (D.Md. 2007); Wahler v. United States, 2002 WL 32081856 **4 n.3 (W.D.N.C. 2002), *affirmed* 62 Fed.Appx. 526 (4th Cir.2003).  This proceeding was filed on September 12, 2008, which is more than twenty days after the dates of the summonses, and therefore, is untimely as to each of the summonses.  As a result, this petition must be dismissed for lack of jurisdiction.  Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990) (the timely filing of the proceeding is a jurisdictional prerequisite.).

In addition, each of the summonses was issued by an IRS agent located in Atlanta, Georgia to entities located in Georgia, Florida and Greensboro, North Carolina. [Doc. 1-3].  The United States District Court for the Western District of North Carolina does not have jurisdiction over a petition to quash third-party summonses issued by the IRS to entities which do not reside in and which are not found in this District.  26 U.S.C. §7609(h)(1) ("The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding" to quash a summons.);  Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995).

**IT IS, THEREFORE, ORDERED** that the Petitioner's *pro se* Petition to Quash Summons [Doc. 1] is hereby **DISMISSED**.

Signed: October 9, 2008

Martin Reidinger
United States District Judge